EL PUEBLO, DEMANDANTE Y APELADO, *v.* COMPAÑÍA MERCANTIL ARROYANA, INC., ACUSADA Y APELANTE.

APELACIÓN procedente de la Corte de Distrito de Guayama en causa por infracción a la Ley de Pesas y Medidas.

No. 1692.—Resuelto en junio 13, 1921.

VENTA DE PAN A PRECIO EXCESIVO—DENUNCIA SUFICIENTE—ALEGACIÓN DEL DELITO EN DIFERENTES FORMAS.—Una denuncia que imputa al acusado la infracción de las secciones 2 y 3 de la Ley No. 13 de 1917, para reglamentar el peso de los bollos de pan que se vendan u ofrezcan en venta en Puerto Rico y para otros fines, consistente en ofrecer en venta y vender bollitos de pan de 63 gramos de peso, que en número de seis formaban un bollo de 380 gramos, sin estar rotulados, y en vender cada uno de ellos por dos centavos obteniendo así un producto de más de 14 centavos en la libra de 453 gramos, cuando ese producto debía ser de 12 centavos, imputa solamente, aunque expuesto bajo distintos cargos, el delito definido y castigado en la sección 3 de la Ley anteriormente citada.

ID.—PRUEBA SUFICIENTE.—Apareciendo de la prueba que la compañía denunciada ofrecía y tenía a la venta bollos de pan rotulados con peso de 380 gramos,

siendo de 12 centavos el precio de la libra de 453 gramos y que la denunciada vendía cada uno de los seis bollitos que integraban el bollo a 2 centavos, obteniendo por tanto en la venta de cada bollo un producto superior a 12 centavos la libra, es preciso concluir que la sentencia condenatoria está sostenida por la prueba.

Los hechos están expresados en la opinión.

Abogado de la apelante: *Sr. C. Domínguez Rubio.*

Abogados del apelado: *Sres. José E. Figueras, Fiscal* y *C. Llauger.*

EL JUEZ PRESIDENTE SR. HERNÁNDEZ, emitió la opinión del tribunal.

La denuncia formulada en 12 de julio de 1920 ante la Corte Municipal de Guayama contra la corporación llamada Compañía Mercantil Arroyana, Inc., de Arroyo, P. R., por el delito de infracción a las secciones 2 y 3 de la Ley No. 13 para reglamentar el peso de los bollos de pan que se vendan u ofrezcan en venta en Puerto Rico y para otros fines, aprobada en abril 12 de 1917, dice así:

"Que allá por el 16 de marzo del año 1920 y en la calle 'Morse' de Arroyo, del distrito judicial municipal de Guayama * * * la citada corporación * * * ilegal y voluntariamente y sin excusa legal, ofrecía en venta y vendía por medio de su empleado Juan Cora, bollos de pan de a menos de una libra 'avoirdupois' o sea de 63 gramos, estando dichos bollos unidos en grupos de seis bollos, formando de este modo un bollo mayor que pesaba 380 gramos, no estando cada uno de dichos bollos de 63 gramos rotulados de acuerdo con la citada ley, vendiendo cada uno de esos bollos en dos centavos, resultando el precio de la libra en más de 14 centavos, debiendo ser doce centavos."

Celebrado el juicio *de novo* ante la Corte de Distrito de Guayama, recayó sentencia en 19 de octubre de 1920, que en la parte conducente dice así:

"Se denuncia a la acusada por infracción a las secciones 2 y 3 de la Ley No. 13 de 12 de abril de 1917, para reglamentar el peso de los bollos de pan que se vendan u ofrezcan en venta. Consiste el delito denunciado en que dicha acusada fabricaba bollos de pan de 380 gramos, los que dividía en seis secciones, vendiendo cada sección

a dos centavos, resultando que la venta del precio total del bollo producía una cantidad mayor de la que justifica la ley de acuerdo con el peso de dicho bollo y el precio de la libra de pan. De la prueba practicada aparece justificado que dicha acusada vendía al detalle dichos bollos de pan, cobrando una cantidad mayor de la que justificaba el peso que aparecía marcado en el bollo de pan. Por todo lo cual la corte declara a esta acusada culpable del delito de infracción a la Ley No. 13 de 12 de abril de 1917, para reglamentar el peso de los bollos de pan que se vendan u ofrezcan en venta, y le impone la multa de ($5) con las costas.''

Esa sentencia ha sido apelada por la acusada, cuya representación alega para sostener el recurso: Que la corte erró al no declarar con lugar las excepciones previas opuestas a la denuncia y que también cometió error en la apreciación de la prueba por no sostener ésta los hechos denunciados.

La denuncia fué excepcionada por resultar de su faz que se imputan a la acusada delitos distintos y porque los hechos denunciados no constituyen delito público en la hipótesis de que sea uno solo el hecho denunciado.

Examinado el texto de la denuncia, vemos que los cargos que se hacen a la corporación acusada consisten en ofrecer en venta y vender bollitos de pan de 63 gramos de peso, que en número de seis formaban un bollo de 380 gramos, sin estar rotulados y en vender cada uno de ellos por dos centavos, obteniendo así un producto de más de catorce centavos en la libra de 453 gramos, cuando ese producto debía ser de doce centavos.

Entendemos que la denuncia comprende un solo delito bajo distintos cargos, sin que haya sido su fin perseguir al acusado por más de un delito, y por tanto está autorizada por el artículo 77 del Código de Enjuiciamiento Criminal según el cual ''la acusación habrá de comprender sólo un delito, pero el mismo delito puede ser expuesto en diferentes formas y bajo distintos cargos.''

En la denuncia se imputa al acusado un solo delito bajo

distintos cargos y por· tanto no adolece del reparo de impu-. tarse en ella más de un delito, que es el caso comprendido en el No. 2º. del artículo 153 del mismo código; y que los hechos imputados en la denuncia son constitutivos de infracción de la Ley No. 13 de 12 de abril de 1917, en su sección 3º., bajo cuyo concepto es que ha sido condenada la apelante, resulta claramente del examen de esos hechos en relación con dicha sección, que transcribimos a continuación:

" 'Sección 3 *a.*—Siempre que se venda o se ofrezca en venta un bollo de pan cuyo peso sea mayor o menor que una libra '*avoirdupois*' ó 453 gramos, el rótulo expresivo del peso correcto de dicho bollo indicará además el precio del bollo o unidad tipo, seguido de las palabras 'la libra' y el precio de dicho bollo será la misma parte proporcional del precio de la unidad tipo, como el peso del bollo de pan en cuestión es del precio de la unidad tipo; *Disponiéndose* que ninguna fracción de un centavo será incluída en el peso de cada bollo.''

La denuncia muestra claramente que los bollos de pan a que se refiere se vendían a precio superior al proporcional correspondiente, teniendo en cuenta que el precio de la libra de pan era de doce centavos.

Examinada la evidencia aportada al juicio por ambas partes, encontramos que sostiene la sentencia apelada. De ella aparece que la compañía denunciada ofrecía y tenía a la venta bollos de pan rotulados con peso de 380 gramos, siendo de doce centavos el precio de la libra de 453 gramos y que la denunciada vendía cada uno de los 6 bollitos que integraban el bollo a dos centavos, obteniendo por tanto en la venta de cada bollo un producto superior al permitido por la ley.

Ciertamente que existe algún conflicto en la evidencia de cargo y de descargo, pero la corte resolvió ese conflicto en contra de la acusada y no vemos que en ello hubiera obrado influída por pasión, prejuicio, parcialidad o error manifiesto..

Es de confirmarse la sentencia apelada.

*Confirmada la sentencia apelada..*

Jueces concurrentes: Sres. Asociados Wolf, del Toro, Aldrey y Hutchison.